UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 10-264-GWU

MICHAEL D. RICHTER, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Michael D. Richter filed an application for Supplemental Security Income (SSI) benefits on March 21, 2008, alleging disability due to a bipolar disorder, post traumatic stress disorder, and depression. (Tr. 171-4, 252). His application was denied throughout the administrative process, including a decision by an Administrative Law Judge (ALJ) on May 27, 2009, the subject of the instant appeal.

Following the filing of the plaintiff's brief, which noted that the ALJ had failed to mention the opinion of a treating source, the defendant Commissioner of Social Security moved for entry of judgment and remand under Sentence Four of 42 U.S.C. §§ 405(g) and 1383(c)(3) for further evaluation of the treating source opinion, and to provide good reasons for the weight afforded the opinion, as well as for any other opinions of record. Docket Entry No. 16, at *2. The plaintiff opposes the motion, maintaining that there is sufficient evidence in the record to establish his entitlement to benefits. Docket Entry No. 18, at *1.

Since there is no dispute that the administrative decision is not supported by substantial evidence, the only issue before the court is whether the evidence supports an award of benefits.

The Sixth Circuit Court of Appeals has held that it is appropriate to reverse an administrative decision and award benefits only where "all factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

Mary Lieneck, Ph.D., was the treating source at NorthKey Community Care whose opinion was not mentioned by the ALJ. She opined that Mr. Richter had no useful ability to perform many work-related activities on a day-to-day basis. (Tr. 461-2). In terms of the "B" criteria of the Commissioner's Listings of Impairment, Dr. Lieneck reported that he would have "extreme" difficulties in maintaining social functioning except around family members, and "marked" restrictions on activities of daily living "when depressed." (Tr. 463). Clearly, if Dr. Lieneck's report was entitled to controlling weight, the plaintiff would qualify for an award of benefits.

However, the plaintiff admitted at the administrative hearing, after some prompting, that he had a long history of substance abuse problems since childhood, and would still drink once a week. (Tr. 51-52, 56, 62). He went to an emergency

room in February, 2008 after cutting his wrist, and agreed that he was "extremely" intoxicated as noted in the hospital records. (Tr. 54, 387).

Records from the Florida Department of Corrections from 2000 to roughly 2004 (dates are not always clear) are also replete with references to longstanding substance abuse up until the point the plaintiff was incarcerated. (E.g., Tr. 303, 316, 363-4, 376).

Mr. Richter underwent a consultative examination by Nancy Schmidtgoessling, Ph.D., on August 14, 2008. He stated that he had last used drugs about two years previously, but he continued to drink alcohol. (Tr. 396). He drank approximately once a week, and "a lot" on occasion. (Tr. 397) . Formerly he drank every day, but had decreased alcohol use about two years previously when he met his current girlfriend. (Id.). He admitted that he had developed a tolerance for alcohol and drank larger amounts than intended. (Id.). Dr. Schmidtgoessling suggested diagnoses of a bipolar disorder, social anxiety, "alcohol abuse, continuous," and "rule out" dementia, with a current Global Assessment of Functioning (GAF) score of 45. (Tr. 399). A GAF score in this range reflects "serious symptoms" according to the Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. The psychologist opined that Mr. Richter's ability to tolerate normal stress and pressure of a job was markedly

impaired, as was his ability to maintain his attention and concentration in public places. (Tr. 400).

State agency psychologists Jay Athy and Stephen Scher reviewed the evidence at this point and concluded that drug addiction and/or alcoholism was material to Mr. Richter's case, and he functioned at a higher level when he maintained sobriety and was compliant with treatment. (Tr. 418). However, records showed he was non-compliant with taking medications or receiving treatment for the past year. In their opinion, he would be able to perform simple, repetitive tasks in a simple, routine setting where social interaction was minimal, during sustained periods of sobriety. (Id.). These restrictions would be consistent with the functional capacity determined by the ALJ. (Tr. 24, 65-7).

By contrast, none of the plaintiff's diagnoses from NorthKey Community Care, including from the treating source Dr. Lieneck, include substance abuse or alcoholism, and it appears he denied any alcohol use at the time of his intake evaluation on March 30, 2009 (Tr. 444, 448). He reported his emergency room admission for a suicidal gesture, but did not mention intoxication. (Tr. 449). He reported having a previous application for disability denied after he got out of prison "[because] he was an alcoholic/addict–unsure where this info came from." (Tr. 453). Thus, it appears the plaintiff was being less than frank about his background to Dr. Lieneck and other NorthKey sources.

42 U.S.C. § 423(d)(2)(C) provides that a claimant "shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."

The evidence, from the plaintiff's own statements to the ALJ, to examiners at the Florida Department of Corrections, and to Dr. Schmidtgoessling, establish that he had a continuing usage of alcohol which a finder of fact, such as the ALJ, could conclude was a material factor in a disability determination.  Dr. Schmidtgoessling did not attempt to provide functional restrictions without taking alcohol use into consideration, and therefore her restrictions do not clearly establish an entitlement to benefits.  The state agency reviewers specifically found that Mr. Richter could perform certain repetitive, simple, low-stress, non-public work if he maintained sobriety.  Therefore, their opinions do not support an award of benefits.  Finally, the overlooked opinion of the treating source, Dr. Lieneck, may not have been based on a full awareness of continuing alcohol usage, and as such, her opinion cannot be assumed to be definitive.

Accordingly, the court being sufficiently advised,

IT IS HEREBY ORDERED that:

(1)    the plaintiff's motion for summary judgment is DENIED;

(2)　the defendant's motion for entry of judgment and remand under Sentence Four of 42 U.S.C. § 405(g) is GRANTED;

(3)　all other pending motions are deemed to be MOOT; and

(4)　the administrative decision will accordingly be REVERSED and REMANDED for further administrative consideration by separate Judgment entered this same date.

This the 22nd day of June, 2011.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**